UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIBEL GOMEZ,

        Petitioner,

v.

DOUGLAS COLE,

        Respondent.

Case No. C09-5555RBL/JRC

REPORT AND
RECOMMENDATION
TO DENY *IN FORMA
PAUPERIS* STATUS

**NOTED FOR:
January 8, 2010**

      This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

      On September 14, 2009, Petitioner filed a proposed petition and a motion to proceed *in forma pauperis*. A deficiency letter was sent to petitioner on September 17, 2009. That letter informed petitioner that she needed to supply a copy of her inmate trust account statement and a written consent for costs form. The letter also informed her that the court needed service copies (Dkt. # 2). Petitioner did not respond. On November 3, 2009, an Order to Show Cause was entered (Dkt. # 3). That Order gave petitioner until November 27, 2009, to respond (Dkt. # 3). Documents were received on November 16, 2009, and filed as a response, review of the documents shows the filing is not related to the Order to Show Cause (Dkt. #4). Petitioner has

REPORT AND
RECOMMENDATION - 1

failed to provide her prison trust account statement, a written consent for costs form, and service copies of the petition. The court recommends the motion to proceed *in forma pauperis* be DENIED. Petitioner should be given thirty days to pay the five dollar ($5.00) filing fee. If the filing fee is not received, the petition should be dismissed without prejudice.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Petitioner has failed to provide the court with the information the court needs to determine if a grant of *in forma pauperis* status is warranted in this case. Accordingly, the court recommends that the motion be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 8, 2010**, as noted in the caption.

DATED this 1st day of December, 2009.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 2